J. A. FITE, Executor, v. CALVIN BEASLEY et al.

1. WILLS. *Bequest to erect monument.* A bequest to an executor of money for the enclosure and clearing up of the family graveyard of the testator's father, where the testator himself desired to be buried, and to erect a monument there at a specified cost, is valid.

2. SAME. *Perpetuity.* But a further direction that whatever sum of the original bequest of $5,000 which might be left after paying for the monument, fence and clearing the graveyard, should be loaned out upon good security, and the interest used in keeping the graveyard, fence and monument in good repair, is void as tending to a perpetuity.

3. SAME. *Construction.* The testator, after bequeathing, by the second clause of his will $5,000 to his executor for the family graveyard, etc., as above, and after a number of specific legacies of money and property, devised the residue of his estate thus: "It is my will and desire that all the balance of my property, after paying the above special bequests and the five thousand dollars disposed of under the second clause of this will, be divided into four equal parts," etc. *Held*, that so much of the $5,000 bequest as failed because the purpose was illegal fell into the estate, and passed under the residuary clause.

FROM SMITH.

Appeal from the Chancery Court at Carthage. W. G. CROWLEY, Ch.

J. A. FITE for complainant.

J. J. TURNER for defendants.

COOPER, J., delivered the opinion of the court.

W. H. Beasley died in May, 1880, without wife or child. He left a will of which J. A. Fite is executor,

and for a construction of which this agreed case was made. The questions presented are whether any part of the bequest in the second item of the will is void, and if so, what becomes of the money intended to be bequeathed by the void clause.

I, says the testator, "being desirous of making a disposition of such property and effects as I possess, do make and publish this my last will and testament." Then follows item: "First. I direct that as soon after my death as possible my executor, to be hereafter appointed, shall out of any money that I may die possessed of, or that may first come into his hands, pay my funeral expenses, and any debts I may owe."

In the second item of his will, the testator expresses an earnest desire to have enclosed and taken care of his father's family graveyard, where, he says, "my father and mother and wife are buried," and "where I desire to be buried," and to have erected over his parents' graves a suitable monument. For this purpose he sets apart out of his estate the sum of five thousand dollars to purchase and place over the graves of his parents a marble monument to cost $500, and to have the ground enclosed with an iron fence of a particular description. Then follows this clause: "I further direct that whatever sum of said five thousand dollars shall be left after paying for the aforesaid monument, fence and clearing of said graveyard shall be loaned out by my executor upon good security, and the interest arising from the same shall be used in keeping said graveyard, and fence, and the monument there in good repair; and

upon the death or resignation of my executor, I re-
quest that the county court shall appoint a trustee to
take charge of said fund, who shall use the same as
above directed."

A number of specific legacies in property and money
are then set out in the will in separate items. In
the 21st item he directs his executor to sell all his
real estate "not herein disposed of" at public vendue.
Then follows item:

"Twenty-second. It is my will and desire that all
the balance of my property, after paying the above
special bequests and the five thousand dollars disposed
of under the second clause of this will, be divided
into four equal parts, and I give the same as follows:
One-fourth to my brother Major A. Beasley; one-fourth
to the children of my brother Gabriel D. Beasley,
and to the representatives of such as may be dead
leaving children; one-fourth to Eliza Grizzard, and the
other fourth to Joanna Beasley."

At common law, funeral expenses, according to the
degree and quality of the deceased, were allowed of
the goods of the estate before any debt or duty what-
soever: 3 Inst., 202. And such priority, next after
certain expenses of administration, is recognized in this
State by statute: Code, sec. 2350; *Stephenson* v. *Ste-
phenson*, 3 Hayw., 123. A headstone, tombstone, or
other suitable memorial, is held to be a proper part
of such expense: *McGlinsey's Appeal*, 14 S. & R., 64;
*Fairman's Appeal*, 30 Conn., 205; *Killebrew* v. *Murphy*,
3 Heis., 546, 558. A direction to executors by will
to erect a monument at the testator's own grave is

not a legacy, but is to be. considered as a part of the decedent's funeral expenses: *Wood* v. *Vandenburgh*, 6 Paige, 277. A bequest by will in trust to erect a monument to the memory of the testator, or of his mother, father, or other near relative would be good: *Adnam* v. *Cole*, 6 Beav., 353; *Masters* v. *Masters*, 1 P. W., 423. For there is nothing to control the general right incident to property of disposing of it for a lawful purpose, to be used in a reasonable time after the testator's death: *Mellick* v. *The Asylum*, Jac. 180. But a bequest or direction for keeping a tomb in repair is not a charitable use: *Lloyd* v. *Lloyd*, 2 Sim. N. S, 255. And therefore a bequest of money, the interest of which is to be applied in keeping up the tombs of the testator and his family is void as a perpetuity: *Pickard* v. *Robson*, 31 Beav., 244: *Hoare* v. *Osborne*, L. R., 1 Eq., 385; *In Re Burkitt*, 9 Ch. D., 576; *Piper* v. *Moulton*, 72 Me, 155; *Hornberger* v. *Hornberger*, 12 Heis., 635. For the trustee cannot dispose of the fund otherwise than in accord with the trust, and there are no living *cestui que trusts* to act: *Franklin* v. *Armfield*, 2 Sneed, 306, 354. The estate is inalienable in *sœcula sœculorum* both for that reason, and because, such is the plain intent of the testator in such cases: *Thompson* v. *Shakespeare*, 1 DeG. F. & J., 399; *Carne* v. *Long*, 2 DeG., F. & J., 75; *Washburne* v. *Downes*, 1 Ch. Cases, 213. The bequest in the second item of the will of the testator now before us is, therefore, void as to the surplus of the $5,000, after paying for the monument, fence and clearing up the graveyard.

And the remaining question is, what becomes of this surplus?

A general residuary devise or bequest would carry to the legatee not only the personal estate which the testator does not attempt to dispose of by his will, but also such personalty as had not effectually been disposed of, in which class would fall money bequeathed for a purpose void in law: *Reeves* v. *Reeves*, 5 Lea, 655. And the mere enumeration of certain particular property in connection with the general words of disposition will not necessarily limit the comprehensive import of the general words: *Williams* v. *Williams*, 10 Yer. 20; *Jarnagin* v. *Conway*, 2 Hum., 50; *Edmondson* v. *Edmondson*, 1 Tenn. Ch., 563. It is otherwise, however, if in the residuary clause there is an enumeration of all the property intended to be given: *Perry* v. *High*, 3 Head, 350. Or if the will plainly discloses a different intent: 1 Jar. Wills, 762. The question is one of the intent of the testator in view of the whole will, and the language of the residuary clause.

"A residuary bequest of personal estate," says Sir William Grant, "carries, not only every thing not disposed of, but every thing that in the event turns out not to be disposed of; not in consequence of any direct and expressed intention; for it may be argued in all cases that particular legacies are separated from the residue, and that the testator does not mean that the residuary legatee should take what is given from him; no; for he does not contemplate the case; the residuary legatee is to take only what is left, but

that does not prevent the right of the residuary leg-
atee. A presumption arises for the residuary legatee
against every one except the particular legatee. The
testator is supposed to give it away from the residuary
legatee only for the sake of the particular legatee":
*Cambridge* v. *Rous,* 8 Ves., 12, 25. And therefore,
says Lord Eldon, "very special words are required
to take a bequest of the residue out of the general
rule": *Bland* v. *Lamb,* 2 J. & W., 399, 406. The
presumption is that the testator did not intend to die
intestate as to any portion of his property when he
undertook to make a complete will, and excepts the
special legacy out of the residuum only for the benefit
of the legatee. The law, consequently, requires the
use of words clearly limiting the gift of the residue,
and showing in express terms an intention to exclude
such portions of his estate as may fail to pass under
previous clauses of the will, in order to take it out
of the general rule above stated: *King* v. *Woodhull,*
3 Edw., 79. The principle on which the court acts
is plain enough, the only difficulty being in its appli-
cation to particular cases: *Peay* v. *Barber,* 1 Hill
Ch., 95.

The residuary devise in the will before us is of
"all the balance of my property after paying the
above special bequests and the five thousand dollars
disposed of under the second clause of this will."
But is that any thing more than saying all the resi-
due of my estate after complying with the previous
provisions of the will, those provisions being repeated?
That was the form of the residuary clause, held to

pass a lapsed legacy specified therein, in K*ing* v. *Woodhull*, 3 Edw., 79. There, after a bequest to the American Home Missionary Society not exceeding $1,000, the devise was of "the residue and remainder of my estate after the payment of the said one thousand dollars to the said Missionary Society." The legacy to the society failed, and was held to pass to the residuary devisee. "All the balance of my property" would be equivalent to the "rest and residue of my property," which is a common form. *Cambridge* v. *Rous*, 8 Ves. 12; *Shanley* v. *Baker*, 4 Ves., 732. Such language implies the giving of what remains after satisfying previous legacies. But the expression of what is thus implied cannot affect the legal result, and so it has been repeatedly held. In *Roberts* v. *Cooke*, 16 Ves., 451, the devise was of all the rest and residue of the real and personal estate "not here-inbefore specifically disposed of." In *Bernard.* v. *Min-shull*, Johns. Ch. (Eng.) 276, the words were "all and singular other my property and estate." In both cases the residuary clause carried lapsed legacies. So, a gift of all a testator's personal estate "except" certain specified sums of stock and money, followed by a bequest of those particulars excepted, was held to include some of the specific legacies which had failed: *Evans* v. *Jones*, 2 Coll. C. C., 516. So, where the bequest was of "every thing real and personal except the S. shares," the shares were held to pass: *James* v. *Irving*, 10 Beav. 276.

The language used in the clause before us brings the case within the general rule, and there is nothing

in the rest of the will to show a different intent from that implied by law.

The chancellor's decree must be reversed, and a decree entered here accordingly. The costs will be paid by the executor out of the assets of the estate.